UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENITO SANTIAGO,

    Plaintiff,

v.                                  Case No. 3:23-cv-211-MMH-LLL

DALTON LIZENBEE and
JARROD JACKSON,

    Defendants.
_____

## ORDER

### I. Status

Plaintiff Benito Santiago, an inmate of the Florida Department of Corrections (FDOC), initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) under 42 U.S.C. § 1983. Santiago names two Defendants: (1) Officer Dalton Lizenbee and (2) Sergeant Jarrod Jackson. Id. at 2. He asserts claims of excessive force and deliberate indifference to his serious medical needs. Id. at 4. As relief, he requests compensatory and punitive damages. Id. at 7.

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 10; Motion). Santiago filed a response to the Motion (Doc. 11; Response). The Motion is ripe for review.

## II. Santiago's Allegations[1]

Santiago alleges that on November 26, 2022, Defendant Lizenbee slammed Santiago's hands in the cell door flap and applied pressure with an intent to cause Santiago bodily harm. Complaint at 4. According to Santiago, after Lizenbee used this excessive force, he refused to report Santiago's injuries to medical and left him unattended in his cell for hours. Id. Santiago contends the incident caused his hands to become swollen and during the master roster head count, he tried to tell Defendant Jackson he had a medical emergency. Id. Santiago alleges Jackson refused to call medical or assist Santiago in getting treatment and instead covered up Lizenbee's actions. According to Santiago, Defendants' actions violated his rights under the Eighth Amendment. Id. at 3. He requests $50,000 in punitive damages and $50,000 in "actual damages" against each Defendant. Id. at 7.

## III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see

---

[1] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Santiago, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV.   Discussion

Defendants raise two arguments in their Motion. First, they argue that Santiago's Eighth Amendment claim against Defendant Jackson should be dismissed because Santiago did not exhaust his administrative remedies.[2] Motion at 4-10. In his Response, Santiago acknowledges he did not exhaust his

---

[2] Defendants concede that Santiago exhausted his administrative remedies for his claim against Defendant Lizenbee. Motion at 10.

administrative remedies for his claim against Jackson and agrees to the dismissal of this action as to Defendant Jackson. Response at 2. In light of the parties' representations, Defendants' Motion is due to be granted as to Defendant Jackson on the ground that Santiago failed to exhaust his administrative remedies.

Next, Defendants argue that Santiago's request for punitive damages must be dismissed because it is statutorily barred. Motion at 10-13. According to Defendants, 18 U.S.C. § 3626(a)(1)(A) precludes punitive damages in all civil rights cases because such damages constitute "prospective relief." Id. at 10-11. In support of their contention, Defendants argue punitive damages "are never necessary to correct a violation of a federal right." Id. at 11. They also contend that even if an award of punitive damages is necessary to correct such a legal violation, that award could not satisfy the Prison Litigation Reform Act's "stringent limitations" as the relief is neither "narrowly drawn" nor "the least intrusive means necessary to correct the violation of the Federal right." Id. at 11-12. In his Response, Santiago argues his request for punitive damages is not statutorily barred. Response at 2.

Section 3626(a)(1)(A) provides:

> (1) Prospective relief. – (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any

5

> prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A). Defendants are correct that punitive damages are considered "prospective relief" under § 3626. See Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002) (holding "punitive damages are prospective relief"), abrogated on other grounds by Kingsley v. Hendrickson, 576 U.S. 389, 395 (2015)). But their argument that punitive damages, as "prospective relief" under § 3626, are precluded in all prisoner civil actions is wholly misplaced. Indeed, they cite Johnson as their primary support for this notion, but Johnson did not hold that punitive damages were unavailable under § 3626 for § 1983 cases. Instead, in Johnson, the Eleventh Circuit Court of Appeals clarified, in the context of a § 1983 civil rights case, that § 3626(a)(1)(A) merely provides the framework for awarding punitive damages. Id. at 1325. It explained "a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case . . . [and] that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so." Id.

6

While the Court is unaware of an Eleventh Circuit case that has addressed Defendants' specific argument here, the Court cannot disregard the Eleventh Circuit's long-standing recognition that punitive damages are available in prisoner civil rights actions. Indeed, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) permits claims for punitive damages for § 1983 claims without a physical injury requirement. Hoever v. Marks, 993 F.3d 1353, 1364 (11th Cir. 2021).[3] And it has held "[p]unitive damages are appropriate in § 1983 cases 'where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." Barnett v. MacArthur, 715 F. App'x 894, 905 (11th Cir. 2017).[4] Also, the Eleventh Circuit Civil Pattern Jury Instructions on § 1983 damages include an instruction on awarding punitive damages. See Eleventh Circuit Pattern Jury Instruction, Civil Cases, Civil Rights – 42 U.S.C. § 1983 Claims – Damages § 5.13.

The Court also finds persuasive other district court decisions explicitly finding that § 3626(a)(1)(A) does not preclude an award of punitive damages in

---

[3] In Hoever, the Eleventh Circuit declined to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626. Hoever, 993 F.3d at 1364 n.5.

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

7

prisoner civil cases. See, e.g., Brown v. Semple, No. 3:16cv376, 2018 WL 4308564, at *14 (D. Conn. Sept. 10, 2018) (collecting cases); Douglas v. Byunghak Jin, No. 11-0350, 2014 WL 1117934, at *4-5 (W.D. Penn. Mar. 20, 2014) (reasoning that if Congress "intended to abolish punitive damages in all prisoner litigation under the PLRA, it would have done so directly, and in much plainer terms").[5] Thus, the Court finds that § 3626 does not preclude a request for punitive damages in this § 1983 action, and Defendants' Motion is due to be denied as to this issue.

---

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Accordingly, it is

**ORDERED:**

1. Defendants' Motion (Doc. 10) is **GRANTED in part and DENIED in part** as described herein.

2. Santiago's claim against Defendant Jarrod Jackson is **DISMISSED without prejudice**. The **Clerk** shall terminate Jarrod Jackson as a Defendant in this case.

3. Defendant Lizenbee shall file an answer **by December 7, 2023**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of November, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-7

C: Benito Santiago, #M83000
Counsel of record

9