UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENITO A. SANTIAGO,

    Plaintiff,

v.                                       Case No. 3:23-cv-211-MMH-LLL

DALTON LIZENBEE,

    Defendant.

_____

**<u>ORDER</u>**

Plaintiff Benito Santiago, an inmate of the Florida Department of Corrections (FDOC), initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) under 42 U.S.C. § 1983. Santiago is proceeding against one Defendant – Officer Dalton Lizenbee.

Before the Court is "Defendant's Objections to Order on Motions to Compel" (Doc. 32; Objections), filed under Federal Rule of Civil Procedure 72(a). Lizenbee objects to the Order (Doc. 31; Order) entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on April 8, 2024, in which she resolved the parties' motions to compel. Lizenbee contends that the Magistrate Judge's Order is clearly erroneous and contrary to law and asks the Court to set aside and modify the Order "to the extent it denied [Lizenbee's] request for an order compelling [Santiago] to produce his medical records

preceding the date of the incident alleged in the [C]omplaint and it denied [Lizenbee's] request for payment of expenses incurred in" drafting discovery-related motions. Objections at 1. Santiago filed a response to the Objections (Doc. 34; Response).

## I. Standard of Review

Inasmuch as the Magistrate Judge's Order does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in his Objections, Lizenbee must establish that the conclusions in the Order to which he objects are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Traylor v. Howard, 433 F. App'x 835, 836 (11th Cir. 2011)[1]; Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. 1981)[2]; Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corr., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet.").

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

"Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002))[3]; see also Pigott v. Sanibel Dev., LLC, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., No. 1:04-cv-2346-GET, 2008 WL 489010,

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

3

at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4] Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery such as the April 8, 2024, Order. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also In re Authority of United States Magistrate Judges in the Middle District of Florida, No. 8:20-mc-100-SDM, Doc. 3 at 4 (M.D. Fla. Oct. 29, 2020) ("In civil proceedings where the parties do not unanimously consent, a magistrate judge may conduct proceedings and enter an order concerning: (1) Pretrial proceedings and motions.").

---

[4] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Comput. Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate[judge's nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate[judge's] proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate judge is afforded broad discretion as to discovery matters, reversal as to a magistrate judge's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

4

## II. Background

In the Complaint, Santiago alleges that on November 26, 2022, Defendant Lizenbee slammed Santiago's hands in the cell door flap and applied pressure with an intent to cause Santiago bodily harm. Complaint at 4. According to Santiago, after Lizenbee used this excessive force, he refused to report Santiago's injuries to medical and left him unattended in his cell for hours. Id. He asserts Lizenbee's actions violated his rights under the Eighth Amendment. Id.

In Lizenbee's Motion to Compel (Doc. 26; Mot. to Compel), he asked the Court to order Santiago to produce his medical records for the period preceding the date of the incident. Mot. to Compel at 6. According to Lizenbee, Santiago executed the form allowing the release of his medical records but agreed only to provide medical records generated after the use of force between December 7, 2023, and December 8, 2023. Id. at 1. Lizenbee argued he had the right to discovery of Santiago's medical records predating the incident because the records may show evidence of a preexisting injury to Santiago's hand. Id. at 4.

In his response to the Motion to Compel (Doc. 30; Resp. Mot. to Compel), Santiago explained that when Lizenbee sent him the initial authorization form for release of his medical records, Santiago restricted the date range of the released records because he mistakenly thought the request was for a different case. Resp. Mot. to Compel at 1-2. He asserted that when Lizenbee sent him

5

another form on February 13, 2024, the form already contained language limiting the authorization to medical records created after the use of force, and Santiago signed the form without altering Lizenbee's prewritten request. Id. at 2. According to Santiago, if Lizenbee wanted medical records predating the use of force, he should not have included on the February 13, 2024 form language limiting the date range. Id.

When ruling on Lizenbee's request to compel the production of these additional medical records, the Magistrate Judge stated, in pertinent part:

> A review of the February 13, 2024, form authorizing the release of plaintiff's medical records shows that when defendant provided the form to plaintiff, defendant had already filled in the date range of the requested medical records and that language limited the request to documents of medical services between November 26, 2022, and February 13, 2024. Plaintiff signed the February 13, 2024, form without making any changes to defendant's prefilled date range. And he now seemingly contends he would have signed the authorization even if defendant did not include that language limiting the dates of medical service. Considering plaintiff's explanation and because defendant is responsible for the limited authorization in the February 13, 2024, form, the Court finds it cannot compel plaintiff to provide medical records defendant did not request. If defendant wants to request medical records not limited to that timeframe, he must directly confer with plaintiff about a collective agreement to resolve that issue. Thus, the Court denies defendant's motion as to this request.

Order at 3-5 (record citations omitted).

In his Motion to Compel, Lizenbee also asked the Court to order Santiago to pay reasonable expenses incurred in the drafting of discovery-related filings. Mot. to Compel at 6-7. The Magistrate Judge denied Lizenbee's request for payment of expenses, citing Federal Rule of Civil Procedure 37(a)(5)(A)(i)(ii) as support. See Order at 6.

### III. Discussion

Lizenbee now contends that the Court should modify the Magistrate Judge's Order because it is clearly erroneous and contrary to law. Objections at 1. First, Lizenbee objects to the Magistrate Judge's denial of his request to compel the production of medical records preceding the incident. Id. Lizenbee asserts the Order "incorrectly shifted the burden of making [the medical records] available to Defendant." Id. at 3. He explains that during discovery, Santiago twice handwrote the date range limitation on the medical release forms; and he argues that the FDOC, not Lizenbee, provided Santiago with the February 13, 2024 form "to properly memorialize [Santiago's] decision to refuse release of his medical records predating the incident alleged in his [C]omplaint." Id. at 4. Lizenbee also contends that after the Magistrate Judge entered the Order, he tried to confer with Santiago about these medical records, but Santiago again refused to authorize the release. Id. at 2. In support of that contention, Lizenbee attaches Santiago's April 16, 2024 "Refusal Form" declining to release those medical records. See Doc. 32-1. On the form, Santiago

7

wrote, "the Court clearly stated the request for this discover[y] deadline is over . . . ." Id.

Second, Lizenbee objects to the Magistrate Judge's denial of his request for reasonable expenses incurred while preparing his discovery-related filings. Objections at 5-6. He argues that since Santiago is not justified in refusing to produce these medical records, Lizenbee has the right to reasonable expenses and the Order provided no factual findings or analysis supporting the denial of his request for an award of these expenses. Id.

In his Response to the Objections, Santiago construes Lizenbee's Objections as another motion to compel and argues Lizenbee filed the Objections to "manipulate the Court." Response at 1. According to Santiago, the deadline to file motions to compel was March 7, 2024, and the April 16, 2024 conferral about his medical records and the Objections are untimely and violate the Court's scheduling order. Id.

After careful review, the Court finds that the Magistrate Judge's ruling on Lizenbee's request to compel the production of Santiago's medical records predating the use of force was neither a clearly erroneous assessment of the facts at that time, nor was it contrary to law. There is no dispute that when Santiago received the February 13, 2024 form, the form already had a prefilled date range limiting the authorization to medical records generated after the incident. Although Lizenbee now contends the FDOC wrote the dates on the

8

February 13, 2024 form to "properly memorialize [Santiago's] decision to refuse release of his medical records predating the incident," Lizenbee did not provide that information in his Motion to Compel; and thus, the Magistrate Judge was unaware of this fact. As such, the Court overrules Lizenbee's objection to the Magistrate Judge's resolution of his Motion to Compel, because the Order is not clearly erroneous or contrary to law based on the information presented to the Magistrate Judge.

With that said, by filing this case, Santiago placed his medical condition at issue. Santiago does not argue that Lizenbee's request for these medical records is irrelevant. Indeed, he seemingly agreed that he would have signed a release form allowing release of all his medical records had he been presented with a form that had language expanding the request to documents predating the incident. Thus, while the Court finds no error in the Magistrate Judge's ruling regarding the medical records, the Court finds that considering the record, Santiago should be compelled to execute a release of his medical records predating the incident.

As to Lizenbee's objection to the Magistrate Judge's denial of his request for expenses, Rule 37 of the Federal Rules of Civil Procedure mandates that:

> if the motion [to compel a discovery response] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

9

> reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5). But an award of expenses is not appropriate if "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Id. Here, the Magistrate Judge granted in part and denied in part Lizenbee's Motion to Compel. See Order. Notably, the Magistrate Judge granted Lizenbee's Motion only to the extent that she compelled Santiago to answer "Interrogatory 1" of Lizenbee's first set of interrogatories. Id. at 6. In granting that request, the Magistrate Judge acknowledged Santiago's position that he was first unable to answer "Interrogatory 1" because he did not have a copy of the master roster. Id. at 5. But in his response to the Motion to Compel, Santiago conceded that he now has the master roster, so the Magistrate Judge directed Santiago to respond to "Interrogatory 1." Id. at 5-6. Because Santiago needed a copy of the master roster to answer "Interrogatory 1," it appears that his initial nondisclosure was substantially justified. As such, the Court cannot find that the Magistrate Judge's denial of Lizenbee's request for expenses was clearly erroneous or contrary to law. Thus, the Court overrules Lizenbee's objection to this ruling. Also, to the extent Lizenbee seeks expenses incurred in filing the Objections, the Court denies that request given the findings herein,

10

particularly Lizenbee's failure to apprise the Court of the relevant facts supporting his request.

Accordingly, it is

**ORDERED**:

1. "Defendant's Objections to Order on Motions to Compel" (Doc. 32) are **OVERRULED**.

2. **Within 21 days of this Order**, Santiago must authorize the release of his medical records preceding the date of the alleged incident.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of June, 2024.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

Jax-7

C: Benito A. Santiago, #M83000
   Counsel of record